**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NEURELIS, INC.,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>PADAGIS LLC, PADAGIS US LLC, AND<br>PADAGIS ISRAEL PHARMACEUTICALS<br>LTD., LUPIN INC., LUPIN LTD., AND<br>LUPIN PHARMACEUTICALS, INC.,<br><br>    *Defendants*. | C.A. No. _____ |

## COMPLAINT

Plaintiff Neurelis, Inc. ("Neurelis"), by and through its attorneys, brings this action against Defendants Padagis LLC, Padagis US LLC, Padagis Israel Pharmaceuticals Ltd. (collectively, "Padagis"), Lupin Inc., Lupin Limited, and Lupin Pharmaceuticals, Inc. (collectively, "Lupin") (together, "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1.  This is an action for infringement of U.S. Patent Nos. 11,241,414 (the "'414 patent"), 11,793,786 (the "'786 patent"), and 12,268,664 (the "'664 patent") (collectively "the Asserted Patents") under the patent laws of the United States, Title 35, United States Code, that arises out of Padagis's submission of Abbreviated New Drug Application ("ANDA") No. 219320 and Lupin's submission of ANDA No. 220394 to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell and/or import generic versions of VALTOCO® (diazepam nasal spray), prior to the expiration of the Asserted Patents.[1]

---

[1] A prior, related case entitled "*Neurelis, Inc. v. Padagis LLC*, C.A. No. 1:24-cv-00562MN" (the "Padagis I Action") was filed in this Court on May 8, 2024. The Padagis I Action alleges

Padagis's ANDA No. 219320 covers a diazepam nasal spray, 10 mg/spray (the Padagis ANDA Product"). Lupin's ANDA No. 220394 covers a diazepam nasal spray, 5 mg/spray, 7.5 mg/spray, and 10 mg/spray (the "Lupin ANDA Products"),

## THE PARTIES

2.      Neurelis is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 3430 Carmel Mountain Road, Suite 300, San Diego, California 92121.

3.      On information and belief, Defendant Padagis Israel Pharmaceuticals Ltd. ("Padagis Israel") is a company organized and existing under the laws of Israel with a principal place of business at 1 Rakefet Street, Shoham, Israel 6085000.

4.      On information and belief, Defendant Padagis LLC is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business at 1251 Lincoln Road, Allegan, Michigan 49010-9706.

5.      On information and belief, Defendant Padagis US LLC ("Padagis US") is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business at 1251 Lincoln Road, Allegan, Michigan 49010-9706.

6.      On information and belief, Padagis Israel and Padagis US are wholly-owned subsidiaries of Padagis LLC.

7.      On information and belief, Padagis LLC directs the operations, management, and activities of Padagis Israel and Padagis US in the United States.

---

infringement of the '414 patent, the '786 patent and U.S. Patent No. 8,895,546 (the "'546 Patent") against Padagis. Those claims remain pending and are not repeated herein. Pursuant to L.R. 3.1, the Civil Cover Sheet accompanying this Complaint indicates that the Padagis I Action is a Related Action.

8.      On information and belief, Padagis LLC, Padagis US, and Padagis Israel are agents of each other and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length, including with respect to development, regulatory approval, marketing, sale, offer for sale, and distribution of generic pharmaceutical products throughout the United States, including into Delaware, and including with respect to Padagis's ANDA Product.

9.      On information and belief, Padagis participated in, assisted, and cooperated in the acts complained of herein, and acted in concert to prepare and submit ANDA No. 219320 ("the Padagis ANDA") to the FDA for the manufacture, importation, marketing, and sale of the drug that is the subject of the Padagis ANDA if it is approved.

10.     On information and belief, Lupin Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at Harborplace Tower, 111 S. Calvert Street, 21st Floor, Baltimore, MD 21202.

11.     On information and belief, Defendant Lupin Limited is a corporation organized and existing under the laws of the Republic of India, with a principal place of business at 3rd Floor, Kalpataru Inspire, Off Western Expressway Highway, Santacruz (East), Mumbai 400 055, India.

12.     On information and belief, Defendant Lupin Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at Harborplace Tower, 111 S. Calvert Street, 21st Floor, Baltimore, MD 21202.

13.     On information and belief, Lupin Pharmaceuticals, Inc. is a wholly-owned subsidiary of Lupin Limited.

14.     On information and belief, Lupin Limited directs the operations, management, and activities of Lupin Pharmaceuticals, Inc. in the United States.

15.     On information and belief, Lupin Inc., Lupin Limited, and Lupin Pharmaceuticals, Inc. are agents of each other and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length, including with respect to development, regulatory approval, marketing, sale, offer for sale, and distribution of generic pharmaceutical products throughout the United States, including into Delaware, and including with respect to Lupin's ANDA Product.

16.     On information and belief, Lupin participated in, assisted, and cooperated in the acts complained of herein, and acted in concert to prepare and submit ANDA No. 220394 ("the Lupin ANDA") to the FDA for the manufacture, importation, marketing, and sale of the drug that is the subject of the Lupin ANDA if it is approved.

## JURISDICTION

17.     This action arises under the patent laws of the United States, Title 35, United States Code. The Court has subject matter jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1331, 1338(a), 1391, 1400(b), 2201, and 2202.

18.     This Court has personal jurisdiction over Padagis LLC because, among other things, it has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipated being hailed into court here. On information and belief, Padagis LLC is a limited liability company formed under the laws of the State of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware. It therefore has consented to general jurisdiction in Delaware. In addition, on information and belief, Padagis LLC develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transactions business within the State of Delaware related to Plaintiff's claims, and/or has engaged in systematic and continuous business within the State of Delaware.

19.     This Court has personal jurisdiction over Padagis US because, among other things, it has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipated being hailed into court here. On information and belief, Padagis US is a limited liability company formed under the laws of the State of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware. It therefore has consented to general jurisdiction in Delaware. In addition, on information and belief, Padagis US develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the state of Delaware related to Plaintiff's claims, and/or has engaged in systematic and continuous business within the State of Delaware.

20.     Padagis Israel is subject to personal jurisdiction in Delaware because, among other things, Padagis Israel, itself and through itself and through its affiliates Padagis LLC and Padagis US, has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being hailed into court here. On information and belief Padagis Israel, itself and through its affiliates Padagis LLC and Padagis US, develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the state of Delaware, and/or has engaged in systemic and continuous business contacts within the State of Delaware.

21.     Padagis has previously used the process contemplated by the Hatch-Waxman Act to challenge branded pharmaceutical companies' patents by filing a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), serving a notice letter on those companies, and engaging in patent litigation arising from the process contemplated by the Hatch-Waxman Act, including in an action within this judicial district. *See,*

*e.g., Hikma Pharms. USA Inc. v. Padagis Israel Pharms. Ltd.*, C.A. 1:23-cv-00654-GBW-SRF, Docket No. 11 at 38-39, Counterclaims ¶ 42 (Aug. 14, 2023). This Court has personal jurisdiction over Padagis because Padagis LLC, Padagis US, and Padagis Israel previously submitted to the jurisdiction of this Court. *See id.*, D.I. 11 at 7, Answer to ¶ 11 (Aug. 14, 2023). Further, Padagis Israel availed itself of this Court by asserting counterclaims under the patent laws of the United States. *See id.*, D.I. 11 at 32-56 (Counterclaims).

22.     Alternatively, if Padagis Israel's connections with Delaware, including its connections with Padagis LLC and Padagis US, are found to be insufficient to confer personal jurisdiction then, on information and belief, exercising jurisdiction over Padagis Israel is proper because: (a) Plaintiff's claims arise under federal law; (b) Padagis Israel is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Padagis Israel has sufficient contacts with the United States as a whole, including but not limited to manufacturing and/or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Padagis Israel satisfies due process. Federal Rule of Civil Procedure 4(k)(2).

23.     This Court has personal jurisdiction over Lupin Inc. because, among other things, it has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipated being hailed into court here. On information and belief, Lupin Inc is a corporation formed under the laws of the State of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware. It therefore has consented to general jurisdiction in Delaware. In addition, on information and belief, Lupin Inc. develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transactions business within the

State of Delaware related to Plaintiff's claims, and/or has engaged in systematic and continuous business within the State of Delaware.

24. This Court has personal jurisdiction over Lupin Pharmaceuticals, Inc. because, among other things, it has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipated being hailed into court here. On information and belief, Lupin Pharmaceuticals, Inc. is a corporation formed under the laws of the State of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware. It therefore has consented to general jurisdiction in Delaware. In addition, on information and belief, Lupin Pharmaceuticals, Inc. develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transactions business within the State of Delaware related to Plaintiff's claims, and/or has engaged in systematic and continuous business within the State of Delaware.

25. Lupin Limited is subject to personal jurisdiction in Delaware because, among other things, Lupin Limited, itself and through itself and through its affiliate Lupin Pharmaceuticals, Inc., has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being hailed into court here. On information and belief Lupin Limited, itself and through its affiliate Lupin Pharmaceuticals, Inc., develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the state of Delaware, and/or has engaged in systemic and continuous business contacts within the State of Delaware.

26. Lupin Inc. has previously used the process contemplated by the Hatch-Waxman Act to challenge branded pharmaceutical companies' patents by filing a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), serving

a notice letter on those companies, and engaging in patent litigation arising from the process contemplated by the Hatch-Waxman Act, including in an action within this judicial district. *See, e.g., Neurocrine Biosciences, Inc.*, *v. Lupin Limited et al.*, C.A. No. 1:22-cv-01061-MN, D.I. 6 at 5, (Sep. 9, 2022). This Court has personal jurisdiction over Lupin Inc. because Lupin Inc. previously submitted to the jurisdiction of this Court. *See, e.g., Galderma Laboratories L.P. et al v. Lupin Inc. et al.*, C.A. No. 1:21-cv-0710-SB, D.I. 10 at 12, (Feb. 7, 2022). Further, Lupin Limited availed itself of this Court by asserting counterclaims under the patent laws of the United States. *See id.*, D.I. 10 at 12-19 (Counterclaims).

27.    Lupin Limited has previously used the process contemplated by the Hatch-Waxman Act to challenge branded pharmaceutical companies' patents by filing a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), serving a notice letter on those companies, and engaging in patent litigation arising from the process contemplated by the Hatch-Waxman Act, including in an action within this judicial district. *See, e.g., Vertex Pharmaceuticals, Inc.*, *v. Lupin Limited.*, C.A. No. 1:25-cv-00450-RGA, D.I. 9 at 32, Counterclaims ¶ 37 (May 2, 2025). This Court has personal jurisdiction over Lupin Limited because Lupin Limited previously submitted to the jurisdiction of this Court. *See id.*, D.I. 9 at 7, Answer to ¶¶ 23-24 (May 2, 2025). Further, Lupin Limited availed itself of this Court by asserting counterclaims under the patent laws of the United States. *See id.*, D.I. 9 at 34-36 (Counterclaims).

28.    Lupin Pharmaceuticals, Inc. has previously used the process contemplated by the Hatch-Waxman Act to challenge branded pharmaceutical companies' patents by filing a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), serving a notice letter on those companies, and engaging in patent litigation arising from the process contemplated by the Hatch-Waxman Act, including in an action within

this judicial district. *See, e.g., Vertex Pharmaceuticals, Inc., v. Lupin Limited*., C.A. No. 1:25-cv-00450-RGA, D.I. 9 at 32, Counterclaims ¶ 37 (May 2, 2025). This Court has personal jurisdiction over Pharmaceuticals, Inc. because Lupin Pharmaceuticals, Inc. previously submitted to the jurisdiction of this Court. *See id.*, D.I. 9 at 7, Answer to ¶¶ 23-24 (May 2, 2025). Further, Lupin Pharmaceuticals, Inc. availed itself of this Court by asserting counterclaims under the patent laws of the United States. *See id.*, D.I. 9 at 34-36 (Counterclaims).

29.     Alternatively, if Lupin Limited's connections with Delaware, including its connection with Lupin Pharmaceuticals, Inc., are found to be insufficient to confer personal jurisdiction then, on information and belief, exercising jurisdiction over Lupin Limited is proper because: (a) Plaintiff's claims arise under federal law; (b) Lupin Limited is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Lupin Limited has sufficient contacts with the United States as a whole, including but not limited to manufacturing and/or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Lupin Limited satisfies due process. Federal Rule of Civil Procedure 4(k)(2).

<u>**VENUE**</u>

30.     Venue is proper in this district as to Padagis LLC pursuant to 28 U.S.C. § 1400(b) because, *inter alia*, Padagis LLC is a limited liability company organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

31.     Venue is proper in this district as to Padagis US pursuant to 28 U.S.C. § 1400(b) because, *inter alia*, Padagis US is a limited liability company organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

32.    Venue is proper in this district as to Padagis Israel because, *inter alia*, Padagis Israel is a company organized and existing under the laws of Israel, and as a nonresident Defendant, may be sued in this judicial district pursuant to 28 U.S.C. § 1391(c)(3).

33.    Venue is proper in this district as to Lupin Inc. pursuant to 28 U.S.C. § 1400(b) because, *inter alia*, Lupin Inc. is a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

34.    Venue is proper in this district as to Lupin Pharmaceuticals, Inc. pursuant to 28 U.S.C. § 1400(b) because, *inter alia*, Lupin Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

35.    Venue is proper in this district as to Lupin Limited because, *inter alia*, Lupin Limited is a company organized and existing under the laws of India, and as a nonresident Defendant, may be sued in this judicial district pursuant to 28 U.S.C. § 1391(c)(3).

## VALTOCO® AND THE PATENTS-IN-SUIT

36.    Neurelis was founded in 2007 to develop, license, and commercialize novel drug product candidates that target the broader central nervous system ("CNS") with application in the fields of epilepsy and psychiatry.

37.    Neurelis holds approved New Drug Application ("NDA") No. N211635, pursuant to which the FDA granted approval for the commercial manufacture, marketing, sale, and use of VALTOCO (diazepam nasal spray) (5 mg, 7.5 mg, or 10 mg of diazepam per 0.1 ml). VALTOCO is a prescription nasal spray rescue medicine used in the treatment of specific seizure activity in patients with epilepsy 2 years of age and older. Specifically, VALTOCO is indicated for the short-term treatment of "seizure clusters," or intermittent, stereotypic episodes of frequent seizure activity (*i.e.*, acute repetitive seizures) that are distinct from a patient's usual seizure pattern.

38.     Neurelis is the owner of the '414 patent, titled "Administration of Benzodiazepine Compositions." The '414 patent was duly and legally issued on February 8, 2022. The '414 patent claims priority to a provisional application filed March 28, 2008. A true and correct copy of the '414 patent is attached hereto as Exhibit A.

39.     The '414 patent discloses and claims, among other things, a pharmaceutical solution for nasal administration consisting of a benzodiazepine drug (including diazepam and pharmaceutically acceptable salts thereof), one or more tocopherols or tocotrienols, ethanol and benzyl alcohol, and n-dodecyl beta-D-maltoside.

40.     Neurelis is the owner of the '786 patent, titled "Administration of Benzodiazepine Compositions." The '786 patent was duly and legally issued on October 24, 2023. The '786 patent claims priority to a provisional application filed March 28, 2008. A true and correct copy of the '786 patent is attached hereto as Exhibit B.

41.     The '786 patent discloses and claims, among other things, a pharmaceutical solution for nasal administration consisting of a benzodiazepine drug (including diazepam and pharmaceutically acceptable salts thereof), one or more tocopherols or tocotrienols, one or more alcohols, and n-dodecyl beta-D-maltoside.

42.     Neurelis is the owner of the '664 patent, titled "Administration of Benzodiazepine Compositions." The '664 patent was duly and legally issued on April 8, 2025. The '664 patent claims priority to a provisional application filed March 28, 2008. A true and correct copy of the '664 patent is attached hereto as Exhibit C.

43.     The '664 patent discloses and claims, among other things, a pharmaceutical solution for nasal administration consisting of a benzodiazepine drug (including diazepam and

pharmaceutically acceptable salts thereof), one or more tocopherols or tocotrienols, one or more alcohols, and dodecyl beta-D-maltoside.

44.    Pursuant to 21 U.S.C. § 355(b)(1), Neurelis previously submitted information concerning the '414,'786, and '664 patents to the FDA in connection with NDA No. N211635, identifying each as a patent covering VALTOCO. The '414,'786, and '664 patents have been listed (along with other patents) in the FDA publication "Approved Drug Products with Therapeutic Equivalents Evaluations" (commonly known as the "Orange Book") as covering VALTOCO.

45.    The Orange Book lists the expiration date for the Asserted Patents as March 27, 2029.

### PADAGIS'S ANDA NO. 219320 AND NOTICE LETTERS

46.    Padagis first notified Neurelis by letter dated March 26, 2024 (the "First Padagis Notice Letter") that it had submitted ANDA No. 219320 (the "Padagis ANDA") to the FDA under 21 U.S.C. § 355(j) seeking approval to manufacture, use or sell a generic version of VALTOCO (diazepam nasal spray), 10 mg diazepam/spray (the "Padagis ANDA Product") prior to the expiration of the '546, '414 and '786 patents. The First Padagis Notice Letter informed Neurelis that Padagis's ANDA contained a "Paragraph IV Certification" alleging that the claims of the '546, '414 and '786 patents are invalid, not enforceable, and/or not infringed by the Padagis ANDA Product.

47.    The First Padagis Notice Letter was sent on behalf of Padagis Israel, executed by the Vice President of Legal Affairs at Padagis US (Landon R. Clark), and provided Padagis US as an agent authorized to accept service of process.

48.    In response to the First Padagis Notice Letter, Neurelis commenced the Padagis I Action within forty-five (45) days of Neurelis's receipt of the First Padagis Notice Letter.

Accordingly, Neurelis is entitled to a 30-month stay of FDA approval pursuant to 21 U.S.C. §§ 355(j)(5)(B)(iii) and 355(j)(5)(F)(ii).

49.     Padagis notified Neurelis by letter dated May 21, 2025 (the "Second Padagis Notice Letter") that it had submitted the Padagis ANDA to the FDA under 21 U.S.C. § 355(j) seeking approval to manufacture, use or sell the Padagis ANDA Product prior to the expiration of the '664 patent. The Second Padagis Notice Letter informed Neurelis that Padagis's ANDA contained a "Paragraph IV Certification" alleging that the claims of the '664 patent are invalid, not enforceable, and/or not infringed by the Padagis ANDA Product.

50.     The Second Padagis Notice Letter was sent on behalf of Padagis Israel, executed by the Vice President of Legal Affairs at Padagis US (Landon R. Clark), and provided Padagis US as an agent authorized to accept service of process.

51.     On information and belief, Padagis's ANDA has not yet been approved by the FDA.

**LUPIN'S ANDA NO. 220394 AND NOTICE LETTER**

52.     Lupin notified Neurelis by letter dated May 27, 2025 (the "Lupin Notice Letter") that it had submitted ANDA No. 220394 (the "Lupin ANDA") to the FDA under 21 U.S.C. § 355(j) seeking approval to manufacture, use or sell a generic version of VALTOCO (diazepam nasal spray), 5 mg/spray, 7.5 mg/spray, and 10 mg/spray (the "Lupin ANDA Products") prior to the expiration of the '546, '414, '786, and '664 patents. The Lupin Notice Letter informed Neurelis that Lupin's ANDA contained a "Paragraph IV Certification" alleging that the claims of the '546, '414, '786, and '664 patents are invalid, not enforceable, and/or not infringed by the Lupin ANDA Products.

53.     The Lupin Notice Letter was sent on behalf of Lupin Inc., executed by Deepro Mukerjee, and provided Deepro Mukerjee as an agent authorized to accept service of process.

54.    On information and belief, Padagis's ANDA has not yet been approved by the FDA.

55.    This action is being filed within forty-five (45) days of Neurelis's receipt of the Lupin Notice Letter. Accordingly, Neurelis is entitled to a 30-month stay of FDA approval pursuant to 21 U.S.C. §§ 355(j)(5)(B)(iii) and 355(j)(5)(F)(ii).

## COUNT I
## INFRINGEMENT OF THE '664 PATENT AGAINST ALL DEFENDANTS

56.    Neurelis re-alleges paragraphs 1-55 as if fully set forth herein.

57.    Padagis submitted the Padagis ANDA to the FDA under 21 U.S.C. § 355(j) to obtain approval to engage in the commercial manufacture, use, or sale of Padagis's ANDA Product prior to the expiration of the '664 patent. By submitting the Padagis ANDA, Padagis has infringed claims 1-18 of the '664 patent under 35 U.S.C. § 271(e)(2)(A).

58.    Lupin submitted the Lupin ANDA to the FDA under 21 U.S.C. § 355(j) to obtain approval to engage in the commercial manufacture, use, or sale of Lupin's ANDA Products prior to the expiration of the '664 patent. By submitting the Lupin ANDA, Lupin has infringed claims 1-18 of the '664 patent under 35 U.S.C. § 271(e)(2)(A).

59.    Claim 1 of the '664 patent provides:

> 1. A pharmaceutical composition for intranasal administration comprising:
>
> > about 1 to about 20 mg of diazepam dissolved in about 45% to about 85% (w/w) of one or more natural or synthetic tocopherols or tocotrienols selected from the group consisting of: α-tocopherol, β-tocopherol, γ-tocopherol, δ-tocopherol, α-tocotrienol, β-tocotrienol, γ-tocotrienol, δ-tocotrienol, tocophersolan, any esters thereof and any combinations thereof, and about 25% to about 40% (w/w) of one or more alcohols selected from the group consisting of ethanol, propyl alcohol, butyl alcohol, pentanol, benzyl alcohol, and any combinations thereof, and about 0.01% to about 1% (w/v) of dodecyl β-D-maltoside, wherein the pharmaceutical composition is a solution and contains less than 1% water, wherein the pharmaceutical composition is in a pharmaceutically-acceptable spray formulation.

60.     By reason of the Second Padagis Notice Letter and the contents thereof, Neurelis is informed and believes and thereon alleges that Padagis's ANDA and ANDA Product literally or through the doctrine of equivalents infringe the claims of the '664 patent. More specifically, Padagis's ANDA and ANDA Product satisfies at least each of the aforementioned claim limitations exemplified in Claim 1 of the '664 patent and/or their equivalents.

61.     On information and belief, immediately upon the FDA's approval of ANDA No. 219320, Padagis intends to, and will, manufacture, use, sell and/or offer to sell the Padagis ANDA Product throughout the United States, and any such commercial activities will directly infringe the '664 patent under 35 U.S.C. § 271(a), will actively induce infringement of the '664 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '664 patent under 35 U.S.C. § 271(c).

62.     On information and belief, Padagis has acted with full knowledge of the '664 patent and its claims and without a reasonable basis for believing that it would not be liable for direct, indirect, induced and/or contributory infringement of the '664 patent. Notwithstanding this knowledge, Padagis has asserted its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution and/or importation of Padagis's ANDA Product immediately and imminently upon approval of the Padagis ANDA. Through such activities, Padagis specifically intends infringement of the '664 patent.

63.     By reason of the Lupin Notice Letter and the contents thereof, Neurelis is informed and believes and thereon alleges that Lupin's ANDA and ANDA Products literally or through the doctrine of equivalents infringe the claims of the '664 patent. More specifically, Lupin's ANDA and ANDA Product satisfies at least each of the aforementioned claim limitations exemplified in Claim 1 of the '664 patent and/or their equivalents.

15

64.    On information and belief, immediately upon the FDA's approval of ANDA No. 220394, Lupin intends to, and will, manufacture, use, sell and/or offer to sell the Lupin ANDA Products throughout the United States, and any such commercial activities will directly infringe the '664 patent under 35 U.S.C. § 271(a), will actively induce infringement of the '664 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '664 patent under 35 U.S.C. § 271(c).

65.    On information and belief, Lupin has acted with full knowledge of the '664 patent and its claims and without a reasonable basis for believing that it would not be liable for direct, indirect, induced and/or contributory infringement of the '664 patent. Notwithstanding this knowledge, Lupin has asserted its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution and/or importation of Lupin's ANDA Products immediately and imminently upon approval of the Lupin ANDA. Through such activities, Lupin specifically intends infringement of the '664 patent.

66.    As a result of the foregoing, Neurelis will be substantially and irreparably harmed if Defendants' infringement of the '664 patent is not enjoined. Neurelis does not have an adequate remedy at law.

67.    As a result of the foregoing, Neurelis is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of the Defendants' ANDAs be a date which is not earlier than the expiration date of the '664 patent, or the date of any later expiration or exclusivity to which Neurelis is or becomes entitled.

## COUNT II
## INFRINGEMENT OF THE '414 PATENT AGAINST THE LUPIN DEFENDANTS

68.    Neurelis re-alleges paragraphs 1-67 as if fully set forth herein.

69.    Lupin submitted the Lupin ANDA to the FDA under 21 U.S.C. § 355(j) to obtain approval to engage in the commercial manufacture, use, or sale of Lupin's ANDA Products prior to the expiration of the '414 patent. By submitting the Lupin ANDA, Lupin has infringed at least claims 1-3; 5-13; and 15-18 under 35 U.S.C. § 271(e)(2)(A).

70.    Claim 1 of the '414 patent provides:

    1. A pharmaceutical solution for nasal administration consisting of:

        diazepam or a pharmaceutically acceptable salt thereof;

        one or more natural or synthetic tocopherols or tocotrienols, or any combinations thereof, in an amount from 30% to 95% (w/w);

        ethanol and benzyl alcohol in a combined amount from 10% to 70% (w/w); and

        n-dodecyl beta-D-maltoside.

71.    By reason of the Lupin Notice Letter and the contents thereof, Neurelis is informed and believes and thereon alleges that the Lupin's ANDA and ANDA Products literally or through the doctrine of equivalents infringe the claims of the '414 patent. More specifically, Lupin's ANDA and ANDA Products satisfy at least each of the aforementioned claim limitations exemplified in Claim 1 of the '414 patent and/or their equivalents.

72.    On information and belief, immediately upon the FDA's approval of ANDA No. 220394, Lupin intends to, and will, manufacture, use, sell and/or offer to sell the Lupin ANDA Products throughout the United States, and any such commercial activities will directly infringe the '414 patent under 35 U.S.C. § 271(a), will actively induce infringement of the '414 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '414 patent under 35 U.S.C. § 271(c).

73.    On information and belief, Lupin has acted with full knowledge of the '414 patent and its claims and without a reasonable basis for believing that it would not be liable for direct,

indirect, induced, and/or contributory infringement of the '414 patent. Notwithstanding this knowledge, Lupin has asserted its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution and/or importation of Lupin's ANDA Products immediately and imminently upon approval of the Lupin ANDA. Through such activities, Lupin specifically intends infringement of the '414 patent.

74.    As a result of the foregoing, Neurelis will be substantially and irreparably harmed if Lupin's infringement of the '414 patent is not enjoined. Neurelis does not have an adequate remedy at law.

75.    As a result of the foregoing, Neurelis is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of the Lupin ANDA be a date which is not earlier than the expiration date of the '414 patent, or the date of any later expiration or exclusivity to which Neurelis is or becomes entitled.

**COUNT III**
**INFRINGEMENT OF THE '786 PATENT AGAINST THE LUPIN DEFENDANTS**

76.    Neurelis re-alleges paragraphs 1-75 as if fully set forth herein.

77.    Lupin submitted the Lupin ANDA to the FDA under 21 U.S.C. § 355(j) to obtain approval to engage in the commercial manufacture, use, or sale of Lupin's ANDA Products prior to the expiration of the '786 patent. By submitting the Lupin ANDA, Lupin has infringed at least claims 1-3; 5-9; 11-13; and 15-27 under 35 U.S.C. § 271(e)(2)(A).

78.    Claim 1 of the '786 patent provides:

1. A pharmaceutical solution for nasal administration consisting of:

a therapeutically effective amount of diazepam or a pharmaceutically acceptable salt thereof;

one or more natural or synthetic tocopherols or tocotrienols selected from the group consisting of α-tocopherol, 3-tocopherol, γ-tocopherol, δ-tocopherol, α-tocotrienol, 3-tocotrienol, γ-tocotrienol, δ-tocotrienol,

tocophersolan, any isomers thereof, any esters thereof, and any combinations thereof, in an amount from 30% to 95% (w/w); one or more alcohols in an amount from 10% to 70% (w/w), wherein the one or more alcohols comprises benzyl alcohol; and

n-dodecyl beta-D-maltoside.

79.     By reason of the Lupin Notice Letter and the contents thereof, Neurelis is informed and believes and thereon alleges that the Lupin's ANDA and ANDA Products literally or through the doctrine of equivalents infringe the claims of the '786 patent. More specifically, Lupin's ANDA and ANDA Products satisfy at least each of the aforementioned claim limitations exemplified in Claim 1 of the '786 patent and/or their equivalents.

80.     On information and belief, immediately upon the FDA's approval of ANDA No. 220394, Lupin intends to, and will, manufacture, use, sell and/or offer to sell the Lupin ANDA Products throughout the United States, and any such commercial activities will directly infringe the '786 patent under 35 U.S.C. § 271(a), will actively induce infringement of the '786 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '786 patent under 35 U.S.C. § 271(c).

81.     On information and belief, Lupin has acted with full knowledge of the '786 patent and its claims and without a reasonable basis for believing that it would not be liable for direct, indirect, induced, and/or contributory infringement of the '786 patent. Notwithstanding this knowledge, Lupin has asserted its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution and/or importation of Lupin's ANDA Products immediately and imminently upon approval of the Lupin ANDA. Through such activities, Lupin specifically intends infringement of the '786 patent.

82.    As a result of the foregoing, Neurelis will be substantially and irreparably harmed if Lupin's infringement of the '786 patent is not enjoined. Neurelis does not have an adequate remedy at law.

83.    As a result of the foregoing, Neurelis is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of the Lupin ANDA be a date which is not earlier than the expiration date of the '786 patent, or the date of any later expiration or exclusivity to which Neurelis is or becomes entitled.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Neurelis requests the following relief:

(a)    A judgment that the '664 patent has been infringed by Padagis under 35 U.S.C. § 271(e)(2)(A) by submitting the Padagis ANDA;

(b)    A judgment that the commercial manufacture, use, sale, offer for sale, or importation into the United States of Padagis's ANDA Product will infringe the '664 patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

(c)    A permanent injunction enjoining Padagis, and all persons acting in concert with Padagis, from the commercial manufacture, use, sale, offer for sale, or importation into the United States of Padagis's ANDA Product prior to the expiration of the '664 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(d)    If Padagis commercially makes, uses, sells, or offers to sell the Padagis ANDA Product within the United States, or imports the Padagis ANDA Product into the United States, prior to the expiration of the '664 patents, including any extensions, that Neurelis be awarded monetary damages for those infringing acts to the fullest extent allowed by law, and be awarded prejudgment interest based on those monetary damages;

(e)      A judgment ordering that the effective date of the approval of the Padagis ANDA be a date which is not earlier than the expiration date of the '664 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(f)      A judgment that each of the '414, '786, and '664 patents has been infringed by Lupin under 35 U.S.C. § 271(e)(2)(A) by submitting the Lupin ANDA;

(g)      A judgment that the commercial manufacture, use, sale, offer for sale, or importation into the United States of Lupin's ANDA Product will infringe the '414, '786, and '664 patents under 35 U.S.C. §§ 271(a), (b), and/or (c);

(h)      A permanent injunction enjoining Lupin, and all persons acting in concert with Lupin, from the commercial manufacture, use, sale, offer for sale, or importation into the United States of Lupin's ANDA Products prior to the expiration of the '414, '786, and '664 patents, inclusive of any extension(s) and additional period(s) of exclusivity;

(i)      If Lupin commercially makes, uses, sells, or offers to sell the Lupin ANDA Products within the United States, or imports the Lupin ANDA Products into the United States, prior to the expiration of the '414, '786, and '664 patents, including any extensions, that Neurelis be awarded monetary damages for those infringing acts to the fullest extent allowed by law, and be awarded prejudgment interest based on those monetary damages;

(j)      A judgment ordering that the effective date of the approval of the Lupin ANDA be a date which is not earlier than the expiration date of the '414, '786, and '664 patents, inclusive of any extension(s) and additional period(s) of exclusivity;

(k)      Costs and expenses against the Defendants in this action; and

(l)      Such further and other relief as this Court may deem just and proper.

21

Date: July 2, 2025

OF COUNSEL:

Michael Sitzman (*pro hac vice* forthcoming)
**MCDERMOTT WILL & EMERY LLP**
415 Mission Street, Suite 5600
San Francisco, CA 94105
Tel: (628) 218-3800
msitzman@mwe.com

Timothy P. Best (*pro hac vice* forthcoming)
**MCDERMOTT WILL & EMERY LLP**
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Tel: (310) 551-9321
tbest@mwe.com

Connor S. Romm (*pro hac vice* forthcoming)
**MCDERMOTT WILL & EMERY LLP**
200 Clarendon Street, Floor 58
Boston, MA 02116-5021
Tel: (617) 535-5977
cromm@mwe.com

Nicole Endejann (*pro hac vice* forthcoming)
**DLA PIPER LLP (US)**
One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7300
Tel: (215) 656-2490
nicole.endejann@us.dlapiper.com

/s/ *Ethan H. Townsend*

Ethan H. Townsend (#5813)
**MCDERMOTT WILL & EMERY LLP**
The Brandywine Building
1000 N. West Street, Suite 1400
Wilmington, DE 19801
Tel: (302) 485-3911
ehtownsend@mwe.com

*Attorneys for Plaintiff Neurelis, Inc.*